UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MYRON LOGAN,<br><br>Plaintiff,<br><br>v.<br><br>STONE POINT VILLAGE APARTMENTS,<br><br>Defendant. | CAUSE NO. 1:25-CV-588-JD-JEM |

OPINION AND ORDER

Myron Logan, a prisoner without a lawyer, filed an amended complaint establishing this court's jurisdiction. ECF 24. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Logan argues this court has jurisdiction over this claim because "Congress has given broad authorization to the federal courts to exercise subject matter jurisdiction over ALL and civil actions arising under the Constitution, Laws, and treaties of the United States." ECF 24 at 3. This is not correct. Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

To avoid dismissal for lack of subject matter jurisdiction, a plaintiff must demonstrate that either diversity jurisdiction or federal question jurisdiction exists. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). For this court to have federal question jurisdiction over this action, Logan must allege a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Logan alleges that he tripped and was injured as a result of negligent property maintenance by Stone Point Village Apartments. Even if true, this did not violate the constitution, laws, or treaties of the United States. This court does not have federal question jurisdiction over these claims.

Logan neither argues this court has diversity jurisdiction nor alleges facts establishing diversity jurisdiction which requires an amount in controversy exceeding $75,000 and complete diversity of citizenship. *See* 28 U.S.C. § 1332. The complaint says nothing about the citizenship of any party and the amount in controversy – $60,000 – is below what is required for diversity jurisdiction. This court does not have diversity jurisdiction.

Logan filed an amended complaint, but he has not demonstrated this court has jurisdiction. It is legally frivolous to file a case in a court that lacks jurisdiction. Because this court lacks jurisdiction, the dismissal must be without prejudice.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE because it was legally frivolous to file in this court which lacks jurisdiction.

SO ORDERED on August 12, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT